# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: M.H., M.W., S.W., & C.L.**

**No. 13-1195** (Grant County 13-JA-7 through 13-JA-10)

## MEMORANDUM DECISION

Petitioner Mother, by counsel Lauren M. Wilson, appeals the Circuit Court of Grant County's October 16, 2013, order terminating her custodial rights to M.H., M.W., S.W., and C.L. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Joyce E. Stewart, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in adjudicating her children as neglected because the petition contained insufficient allegations and because the DHHR failed to present clear and convincing evidence of neglect.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2013, the DHHR filed its initial petition alleging abuse and neglect. Six days later, the DHHR filed an amended petition. The allegations against petitioner included the following: educational neglect, lack of supervision resulting in one child burning another, abuse by shooting the children with a pellet gun, and exposing the children to drugs and sexual activity by inappropriate houseguests. The petition also addressed petitioner's extended history with the DHHR dating back to 2005. Previously, the DHHR received numerous referrals regarding the children that culminated in a prior abuse and neglect proceeding against petitioner because of allegations of exposing the children to domestic violence, instability and inappropriateness of the home environment, lack of supervision, and poor decision making. While petitioner did successfully complete an improvement period during that prior case, the DHHR continued to receive referrals regarding the children after that case was closed. Additionally, the DHHR provided petitioner services during this period and eventually ceased all services other than supervised visitation because petitioner had received all possible services.

In the current proceeding, petitioner waived her right to a preliminary hearing. In September of 2013, the circuit court held a series of combined adjudicatory/dispositional hearings to take evidence on the DHHR's allegations. Ultimately, the circuit court found clear and convincing evidence that petitioner neglected the children and terminated her custodial

1

rights. At a later hearing, the circuit court granted petitioner bi-monthly visitation with her children. It is from the order terminating her custodial rights that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court adjudicating petitioner an abusing parent due to her neglecting the children.[1] West Virginia Code § 49-6-1(a) states, in pertinent part, that the petition in an abuse and neglect proceeding "shall allege specific conduct including time and place, [and] how such conduct comes within the statutory definition of neglect or abuse with references thereto . . . ." While petitioner argues that both petitions in this matter did not meet these requirements, the Court disagrees.

Most importantly, petitioner's argument regarding the allegedly defective amended petition is couched in terms of insufficient evidence, which is wholly irrelevant to the petition's sufficiency. That the DHHR allegedly failed to later produce witnesses to testify to the petition's allegations has no bearing on the petition itself. We have previously held that "[i]f the allegations of fact in a child neglect petition are sufficiently specific to inform the custodian of the infants of the basis upon which the petition is brought, and thus afford a reasonable opportunity to prepare a rebuttal, the child neglect petition is legally sufficient." Syl. Pt. 1, *State v. Scritchfield*, 167 W.Va. 683, 280 S.E.2d 315 (1981). Upon our review, it is clear that the amended petition below contained the requisite specificity to afford petitioner a reasonable opportunity to prepare a rebuttal.

Further, the record shows that there was clear and convincing evidence that petitioner neglected the children at issue. The circuit court heard testimony from a number of witnesses

---

[1]The circuit court actually adjudicated petitioner as a "neglectful" parent. However, West Virginia Code § 49-1-1 et seq. does not contain a definition of "neglectful parent." According to West Virginia Code § 49-1-3(2), "'[a]busing parent' means a parent, guardian or other custodian, regardless of his or her age, whose conduct, as alleged in the petition charging child abuse or neglect, has been adjudged by the court to constitute child abuse *or neglect*." (Emphasis added).

about a variety of petitioner's actions that constituted abuse or neglect. The record shows that the circuit court was presented with testimony from a law enforcement officer that he responded to a call at petitioner's home and arrived to find three adult males in the home with drug paraphernalia and marijuana. According to the officer, petitioner and her children were also in the home at this time. Additionally, petitioner testified to the children's truancy and issues with being tardy. Finally, one of petitioner's neighbors testified that on at least four occasions, she witnessed petitioner's four-year-old and two-year-old children outside without supervision. In fact, the neighbor testified that she became concerned for the children because she knocked on petitioner's front door and received no response.

We have previously held that

"W.Va.Code, 49–6–2(c) [1980], requires the State Department of Welfare [now the Department of Health and Human Resources], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the State Department of Welfare is obligated to meet this burden." Syl. pt. 1, *In the Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 5, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996). Based upon the evidence outlined above, it is clear that the DHHR satisfied this burden. While petitioner argues that she established that the conditions of abuse and neglect had already been remedied and provided witnesses who testified that she properly cares for her children, the Court finds that the circuit court was free to reach its own factual determinations. We have previously stated that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)). As such, we have held that "[t]his Court . . . cannot set aside a circuit court's factual determinations unless such findings are clearly erroneous." *Id*. Upon our review, it is evident that the circuit court's finding that the children were neglected is not clearly erroneous.

For the foregoing reasons, we find no error in the decision of the circuit court and its October 16, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: April 28, 2014

**CONCURRED IN BY**:
Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II